# IN THE SUPREME COURT OF THE STATE OF DELAWARE

SYDNEY R. BATES, §
§ No. 13, 2021
    Plaintiff Below, §
    Appellant, § Court Below—Superior Court
§ of the State of Delaware
    v. §
§ CA. No.  N16C-12-235
CAESAR RODNEY SCHOOL §
DISTRICT, CAESAR RODNEY §
HIGH SCHOOL, BOARD OF §
EDUCATION OF THE CAESAR §
RODNEY SCHOOL DISTRICT, §
§
    Defendant Below, §
    Appellee. §

Submitted: September 1, 2021
Decided:    October 6, 2021

Before **VALIHURA**, **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES** Justices; and **JONES,** Judge,[1] constituting the Court *en banc*.

# O R D E R

This 6th day of October, 2021, the Court has considered the parties' briefs, the record on appeal, and the argument of counsel, and it appears that:

1. Subject to the qualifications discussed below, the judgment of the Superior Court should be affirmed on the basis of its November 30, 2018 Opinion and Order.[2]

---

[1] Sitting by designation under Del. Const. art. IV, § 12 and Supreme Court Rules 2(a) and 4(a) to complete the quorum.

[2] *Bates v. Caesar Rodney Sch. Dist.*, 2018 WL 11360454 (Del. Super. Ct. Nov. 30, 2018).

2. In the Superior Court, Sydney R. Bates sought to recover tort damages from the Caesar Rodney School District, the district's board of education, and Caesar Rodney High School (collectively "Caesar Rodney" or the "Entities"), alleging that these Entities were vicariously liable for the sexual misconduct of Richard Howell, a teacher and wrestling coach employed by the district. She also alleged that the Entities themselves were grossly negligent in their hiring and supervision of Howell and their failure to take precautions or other action to avert Howell's misconduct.

3. Relying principally on this Court's decision in *Sherman v. Dep't of Pub. Safety*, 190 A. 3d 148 (Del. 2018), the Superior Court held that Howell was acting outside the scope of his employment when he engaged in the sexual relationship with Bates and that Bates's gross-negligence allegations lacked evidentiary support. Accordingly, the Superior Court entered summary judgment in favor of Caesar Rodney, and Bates appealed.

4. In reaching its conclusion regarding the scope of Howell's employment, the Superior Court appropriately consulted Sections 219 and 228 of the Restatement (Second) of Agency.[3] This Court disagrees, however, with two findings underlying the court's ultimate determination.

---

[3] Although Justice Valihura and Justice Vaughn concur in the result reached in this Order, they adhere to their view, as expressed in their dissenting opinions in *Sherman*. They conclude, nevertheless, that because Bates has failed to satisfy the scope-of-employment test set forth in Section 228 of the Restatement, her claims fail. Accordingly, they would affirm the Superior Court's judgment on that basis.

5.      We question the Superior Court's statement that "the coercive power of teachers falls much closer to that of plumbers, electricians, and accountants than to police officers."[4]  This conclusion, in our view, disregards the extent of teachers' control over the conduct of their students and their ability to affect their students' futures.  This authority creates a relationship fraught with coercive opportunities.  Thus, we believe that a teacher's coercive powers are closer to—though far from as extensive as—those of a police officer than of a service provider.  But we also believe that there is a significant difference between the coercion a police officer can bring to bear on a detainee—as we recognized in *Sherman*—and the influence a teacher can exert upon a student.[5]  And in the space created by that difference, we draw a line.

6.      In *Sherman*—a case involving coerced sex between a police officer and a woman in his custody—we held that § 219(2)(c)'s non-delegable duty exception to *respondeat superior*'s scope-of-employment requirement was applicable under Delaware law, because an individual in police custody depends exclusively on the arresting officer for safety and survival.  In that context, arrestees are deprived of all control of their environment and the ability to protect themselves from harm.  By

---

[4] *Bates*, 2018 WL 11360454, at *5.

[5] *John R. v. Oakland Dist.*, 769 P. 2d 948 (Cal. 1989) ("[T]he authority of a police officer over a motorist—bolstered most immediately by his uniform, badge and firearm, and only slightly less so by the prospect of criminal sanctions for disobedience—plainly surpasses that of a teacher over a student.  The teacher's authority is different in both degree and kind, and it is simply not great enough to persuade us that vicarious liability should attach here for the teacher's tort.").

contrast, high school students are not wholly dependent for their safety and survival on their teachers, whose disciplinary authority over the student is limited, and have others, including administrators and school resource officers, to turn to for protection from harm.[6] For these reasons, despite our reluctance to accept the Superior Court's placement of teachers in the same category as commercial service providers, we agree with the court's conclusion that § 219(2)(c)'s non-delegable duty exception to *respondeat superior*'s scope-of-employment requirement does not apply generally in the context of this case—that is, the high school student-teacher context—and more particularly under the facts of this case.

7.    We also reject the Superior Court's statement that "Howell's tortious conduct was not within the scope of employment—*clearly he was not employed to have sex with underage students*, nor was this conduct motivated by a purpose to serve his employer."[7] The Court's observation addressed, we assume, whether Howell's conduct was "of the kind he [was] employed to perform," one of the elements of § 228's scope-of-employment test. But that Howell was not employed to have sex with students is as irrelevant as it is obvious. As we held in *Doe v. State*:[8]

---

[6] *See Doe v. Newbury Bible Church*, 933 A.2d 196, 199 (Vt. 2007) ("[W]hen a pastor or other person in authority commits a criminal and tortious act, the victim can turn to the police for help, but when a law enforcement officer is the perpetrator, the victim is uniquely isolated from the protections of the law.")

[7] *Bates*, 2018 WL 11360454, at *4 (emphasis added).

[8] 76 A.3d 774, 777 (Del. 2013) ("*Doe II*") (footnote omitted) (quoting *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1351 (4th Cir. 1995)). To be sure, we revisited certain of *Doe II* rulings in *Sherman*, but this particular holding was not disturbed.

4

> [T]he relevant test, however, is not whether [the tortfeasor's] sexual assault was "within the ordinary course of business of the [employer], . . . but whether the service itself in which the tortious act was done was within the ordinary course of such business. . . ." Stated differently, the test is whether the employee was acting in the ordinary course of business during the time frame within which the tort was committed.

Nevertheless, we agree with the court's finding that Howell's tortious conduct was not motivated by a purpose to serve his employer, a pre-requisite for vicarious liability under § 228(c). And given that § 228's elements are listed conjunctively, this conclusion is sufficient to defeat Bates's assertion that Howell's conduct was within the scope of his employment under § 228.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

5